NO. 07-03-0196-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 20, 2003

_____

BETTY ANN NEWBY,

Appellant

v.

BRIAN SHINALL d/b/a REAL ESTATE CONCEPTS and
THE CITY OF BORGER,

Appellees
_____

FROM THE 181st JUDICIAL DISTRICT OF POTTER COUNTY;

NO. 90,696-B; HON. JOHN B. BOARD, PRESIDING
_____

**DISMISSAL**

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]

Before the court is an appeal initiated by Betty Ann Newby (Newby) from an order consolidating Cause No. 90,696-B, pending in the 181st Judicial District, Potter County, with Cause No. 35,167, pending in the 84th Judicial District, Hutchinson County. Via letter

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

dated June 2, 2003, we directed Newby to explain to the court, by June 12, 2003, why we had jurisdiction over the appeal. To date, the court has received no reply from her. We dismiss for want of jurisdiction.

It is clear that the order consolidating the two proceedings is interlocutory. Simply put, it did and does not dispose of all the parties to and claims asserted in the causes that were consolidated. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001) (stating that an order or judgment is final when it disposes of all parties and claims). Furthermore, the record before us does not illustrate that an order, decree, or judgment has been executed that does so.

Next, our jurisdiction over an appeal from an interlocutory order exists only insofar as it is specifically authorized by statute. *Rio Grande Valley Gas Co. v. City of Pharr*, 962 S.W.2d 631, 637 (Tex. App.–Corpus Christi 1997, pet. dism'd w.o.j.). However, we have been cited to and found no statute which permits one to appeal an interlocutory order consolidating two cases into one.[1] Thus, we have no jurisdiction over this interlocutory appeal and dismiss it for want of jurisdiction.

Per Curiam

---

[1] We note that Newby stated, in her notice of appeal, that she was also appealing the trial court's "decision . . . to dismiss the Hearing on plaintiff's temporary restraining order . . . ." Though the record illustrates that the trial court convened a hearing to determine whether it should issue a temporary injunction, the request for such an injunction was neither granted nor denied. This is so because not all parties had received notice of the proceeding, and Newby herself informed the court of this. Thus, §51.014(a)(4) of the Texas Civil Practice and Remedies Code (permitting an interlocutory appeal from an order granting or refusing to grant a temporary injunction) is not implicated. Nor does any other part of §51.014 allow one to appeal a trial court's decision to postpone a hearing on one's application for a temporary injunction when the trial court has neither granted or refused the application.